be permitted to speculate, and, without some evidence showing more than a mere possibility, it was error to submit the case to the jury.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.    All concur.

---

### MENZIES v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    June 29, 1905.)

Appeal from Trial Term, Kings County.

Action by Marie R. Menzies against the city of New York.    From a judgment for plaintiff, defendant appeals.    Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

John J. Delany, Corp. Counsel (James D. Bill, and James W. Covert, of counsel), for appellant.

Ferdinand E. M. Bullowa, for respondent.

PER CURIAM.    Judgment and order reversed, and new trial granted, costs to abide the event, on the authority of Menzies v. Interstate Paving Co. (decided herewith) 94 N. Y. Supp. 492.

---

### AMERICAN COLORTYPE CO. v. JAMES REILLY'S SONS CO.

(Supreme Court, Appellate Term.    June 26, 1905.)

ELECTRICITY—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

Defendant agreed to wire and install a new motor for plaintiff's printing press.    After defendant had installed the motor, and made connections so that it would actuate the press, defendant's electrician, who was a nonprofessional pressman, started it up in the absence of plaintiff or his representatives, and saw everything running all right, and then increased the speed gradually until it was running at full speed, when something about the press broke.    Defendant did not furnish the motor and was not requested to test it.    Held, that defendant was liable for the damage to the press.

Scott, P. J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by the American Colortype Company against the James Reilly's Sons Company.    From a judgment in favor of plaintiff, defendant appeals.    Affirmed.

Argued before SCOTT, P. J., and DUGRO and MacLEAN, JJ.

H. Schieffelin Sayers, for appellant.

Walter D. Makepeace (Roy C. Gasser, of counsel), for respondent.

MacLEAN, J.    The defendant admits so much of the plaintiff's complaint as alleges that the defendant agreed to wire and install a motor and connect the same with a certain press in the printing